FILED
SUPERIOR COURT
OF GUAM

2023 JAN -3 PM 2: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM GREYHOUND, INC.; BRIDGE AINA LE'A, LLC; PERLAS ONE, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> MARIA V. BARRETTO; formerly known as MARIA BARRETTO CARANDANG, <br><br> Defendant. | CIVIL CASE NO. CV0701-21 <br><br> **DECISION AND ORDER** <br> *Re: Plaintiff's Motion to Dismiss* |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 1, 2022, for a hearing on Plaintiff Guam Greyhound, Inc.'s ("Plaintiff") Motion to Dismiss. Present at the hearing were: Attorney Charles McDonald for Plaintiff, and Attorney Garry Gumataotao for Defendant Maria V. Barretto ("Defendant"). Having considered the arguments, briefs, and applicable law, the Court hereby **GRANTS** Plaintiff's Motion to Dismiss Defendant's Counterclaim for Intentional Infliction of Emotional Distress; and **DENIES** Plaintiff's Motion to Dismiss Defendant's Counterclaim for Negligent Infliction of Emotional Distress.

## BACKGROUND

The instant case arises from Plaintiff's Complaint, which was filed on September 29, 2021. Almost four months later, on January 14, 2022, Defendant filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.

On March 18, 2022, Plaintiff filed its First Amended Complaint. On March 30, 2022, the parties signed and filed a Stipulation and Order agreeing that Plaintiff's First Amended Complaint made Defendant's Motion to Dismiss moot. *See* Stip. & Order (Mar. 30, 2022). Then, on April 6, 2022, Defendant filed her Verified Answer to the First Amended Complaint with a Verified Counterclaim for intentional infliction of emotional distress and negligent infliction of emotional distress. *See* V. Ans. & Counterclaim p. 3 (April 6, 2022).

Plaintiff later filed a Motion to Dismiss pursuant to the Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6), on April 27, 2022. Defendant filed her Opposition on May 23, 2022, and Plaintiff filed its Reply on June 8, 2022. A hearing on Plaintiff's Motion to Dismiss was held on November 1, 2022, where the parties submitted on their briefs, and the Court took the matter under advisement.

## DISCUSSION

### I. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED—GRCP 12(B)(6)

Generally, GRCP Rule 8 provides, in relevant part that "[a] pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claim showing that the pleader is entitled to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 21; *see* Guam R. Civ. P. 8(a). When interpreting the plain language of Rule 8(a), [the Supreme Court] has historically held that "Guam law requires only *notice pleading*, not fact pleading." *Id.* (emphasis added); citing *Joseph v. Guam Bd. of Allied Health Exam'rs*, 2015 Guam 4 ¶ 9; *see* also *Taitano v. Calvo Finance Corp.*, 2008

Guam 12 ¶ 13 ("Rule 8 requires only a short and plain statement of the claim."). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Further, the Guam Supreme Court has declined to adopt the "plausibility standard," and instead endorsed the *Conley* standard: "A complaint should not be dismissed for failure to state a claim unless it 'appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *See Ukau*, 2016 Guam 26 ¶¶ 26 - 27; citing *Core Tech International Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52.

Further, GRCP Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Guam R. Civ. P. 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ukau*, 2016 Guam 26 ¶ 26; quoting *Core Tech.*, 2010 Guam 13 ¶ 52. Beyond this, the Supreme Court has declined the invitation to apply a heightened plausibility standard to local civil proceedings, and it *imposes only a liberal notice pleading requirement. See Id.* at ¶ 33 (emphasis added). When reviewing a Rule 12(b)(6) motion, the trial court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Id.* at ¶ 51. In ruling on a 12(b)(6) motion, a court's consideration is *limited* to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech*, 2010 Guam 13 ¶ 29 (emphasis added).

### a. Intentional Infliction of Emotional Distress

The first inquiry before the Court is whether Defendant provides a short and plain statement of its counterclaim for intentional infliction of emotional distress such that it gives Plaintiff fair notice and the grounds upon which it rests.

The elements for a claim for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress, on the plaintiff's part; and (4) actual and proximate causation of that emotional distress." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 77. "A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1050 – 51 (Cal. 2009). "Liability for intentional infliction of emotional distress 'does not extend to the mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id.* at 1051.

Here, Defendant alleges:

5. Plaintiff's and or their duly authorized representatives, employees, managers, agents, and assigns caused and or directed its representatives, employees, managers, [sic] agents to unlawfully and wrongfully *force entry into the premises owned and exclusively occupied by Defendant without the permission of the Defendant.*

6. Plaintiff's and or their duly authorized representatives, employees, managers, agents, and assigns caused and or directed its representatives, employees, managers, [sic] agents to unlawfully *take possession, remove, convert, and or destroy personal property of the Defendant located therein her premises without her permission.*

7. The acts and omissions of the Plaintiff as described herein and above constitute intentional infliction of emotional distress upon Defendant.

V. Ans. & Counterclaim. p. 3 (April 6, 2022) (emphasis added). Plaintiff first argues that its conduct "is not sufficiently extreme and outrageous." *See* Pl's Mot. p. 3 (April 27, 2022). The Court is not persuaded by this argument because the relevant issue here is whether Defendant sufficiently *pleads* her counterclaim for intentional infliction of emotional distress.

In viewing the pleadings in a light most favorable to Defendant, as the non-moving party, the Court finds that Defendant sufficiently provides a short plain statement of Plaintiff's alleged "outrageous conduct" that is: (1) the alleged forced entry into Defendant's premises without permission; and (2) the alleged unlawful taking possession of, removing, converting, and or destroying of Defendant's personal property within her premises. *See* V. Ans. & Counterclaim. p. 3 (April 6, 2022). However, the Court's analysis does not end here.

Plaintiff further argues that "Defendant also does not adequately allege that she suffered severe emotional distress." Pl's Mot. p. 3 (April 27, 2022). Persuasive authority suggests that the requirement for the plaintiff to show severe emotional distress is a "high bar." *See Hughes v. Pair*, 46 Cal. 4th at 1051. "Severe emotional distress means [,] 'emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it.'" *Id.*

Here, Defendant alleges:

> 9. As a proximate result of the acts and omissions of the Plaintiff as described herein and above including but not limited to wrongful entry and unlawful dominion, Defendant has suffered *compensatory damages* in the amount of $25,000.00 or such higher amount as may be proven at trial.

V. Ans. & Counterclaim. p. 3 (April 6, 2022) (emphasis added). Even in viewing the pleading in a light most favorable to the Defendant, as the non-moving party, the Court finds that Defendant fails to provide a short plain statement alleging that she suffered any severe emotional distress within its meaning—emotional distress of such substantial or enduring quality that no reasonable person in civilized society should be expected to endure it. *See Hughes v. Pair*, 46 Cal. 4th at 1051. Instead, Defendant merely alleges that "Defendant has suffered compensatory damages," which is reflective of only monetary value. Further, even in applying the *Conley* standard, Defendant's obligation to provide the grounds for her entitlement to relief "requires more than labels and

conclusions," which Defendant fails to satisfy here. *See Ukau,* 2016 Guam 26 ¶ 26. Therefore, Defendant's counterclaim for intentional infliction of emotional distress is hereby dismissed.

### b. Negligent Infliction of Emotional Distress

The second inquiry before the Court is whether Defendant provides a short and plain statement of its claim for negligent infliction of emotional distress such that it gives Plaintiff fair notice and the grounds upon which it rests.

The elements of negligent infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant; and (2) the defendant should have realized that his conduct posed an unreasonable risk of causing distress that might result in illness or bodily harm." *Moylan,* 2015 Guam 36 ¶ 78; citing *Guerrero v. DLB Constr. Co.,* 1999 Guam 9 ¶ 17.

Here, in addition to the allegations cited above, Defendant alleges:

8. The acts and omissions of the Plaintiff as described herein and above constitute negligent infliction of emotional distress upon the Defendant.

V. Ans. & Counterclaim p. 3 (April 6, 2022). Plaintiff first argues that Defendant does not adequately allege extreme and outrageous conduct. *See* Pl's Mot. p. 4 (April 27, 2022). Like its analysis above, the Court finds that Defendant sufficiently provides a short plain statement of Plaintiff's alleged "outrageous conduct," in paragraphs 5 and 6 of its Counterclaim. *See* V. Ans. & Counterclaim p. 3 (April 6, 2022).

Plaintiff further argues that "Defendant does not adequately allege distress, illness, or bodily harm to support her NIED claim." Pl's Mot. p. 4 (April 27, 2022). The Court is not persuaded by this argument because negligent infliction of emotional distress does not require distress, illness, or bodily harm. It only requires that Plaintiff *"should have realized that [their] conduct posed an unreasonable risk of causing* distress that *might result in* illness or bodily harm." *See Moylan,* 2015 Guam 36 ¶ 78.

Finally, in viewing the pleadings in a light most favorable to Defendant, as the non-moving party, the Court finds that the allegations are sufficient to bring a counterclaim for negligent infliction of emotional distress.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion to Dismiss Defendant's Counterclaim for Intentional Infliction of Emotional Distress; and **DENIES** Plaintiff's Motion to Dismiss Defendant's Counterclaim for Negligent Infliction of Emotional Distress.

**IT IS SO ORDERED** ___JAN 0 3 2023___ .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: 1/3/23
__Joseph Bamba, Jr.__
Deputy Clerk, Superior Court of Guam